# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PTI PACIFICA dba IT&E, | CIVIL CASE NO. CV0121-24 |
| Plaintiff, | |
| vs. | DECISION AND ORDER |
| SORENSEN MEDIA GROUP INC. and SORENSEN TELEVISION SYSTEMS, INC., | |
| Defendants. | |

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on July 30, 2025. Attorney Daniel J. Berman represented Plaintiff and Attorney Vanessa L. Williams represented Defendants. The Court addressed Defendants' Motion to Set Aside Entry of Default and Default Judgment and Stay Execution of Judgment. Having heard the Parties' arguments for and against the Motion and considered the pleadings, the Court now issues the following written Decision and Order DENYING the Motion in part and GRANTING the Motion in part.

## BACKGROUND

The Plaintiff filed a Complaint in the Superior Court of Guam for breach of contract, alleging that the Defendants had failed to pay the outstanding balance on their accounts and seeking, among other things, principal damages in the amount of $93,979.77. Complaint ¶ 10. After the Defendants failed to appear in the case, the Clerk of the Superior Court entered judgment by default and eventually, the Court granted default judgment in Plaintiff's favor.

The most recent corporate information available for either Defendant is from the year 2022. *See* Decl. Couns. for Pl. Att'y Berman ("Decl. Berman") ¶ 3; *id.* Exs. 1–2. These reports name the same two officers, President Mei Hua Sorensen and Secretary Mahina Floe Leonard Anderson; list the same three directors; and provide the same address in Tumon as the principal office of both corporations. *Id.* Exs. 1–2. The annual reports also reveal that Defendant Sorensen Media Group, Inc. ("SMG") is the sole owner of Defendant Sorensen Television Systems, Inc.

("STS"). *Id.* Ex. 1. It appears that SMG is the sole owner of another Guam corporation, Sorensen Pacific Broadcasting, Inc. ("SPB") which—as of SPB's 2022 annual report—named the same directors, officers, and principal place of business as the Defendant corporations in this action. *Id.* Ex. 9A; *cf.* Exs. 1–2.

Not only do both Defendants record an address on Pale San Vitores Road in Tumon as their principal place of business, but all officers and directors for both Defendant corporations are registered at the same address. Decl. Berman Exs. 1–2. The address on Plaintiff's business records matched this address. *Id.* Ex. 4. According to annual corporation reports filed with the Department of Revenue and Taxation ("DRT"), at no time between 2019 and 2022 did either Defendant register a managing agent who would be designated to receive service of process. *Id.* Exs. 1–2 (STS & SMG 2022 reports); Pl.'s Mot. Suppl. R. and for Judicial Notice Re Opp'n Defs.' Mot. Set Aside Entry of Default and Default Judgment ("Pl.'s Mot. Suppl. R.") Exs. 1A–1D (STS 2019–2021 reports); *id.* Exs. 2A–2C (SMG 2019–2021 reports). To the extent either Defendant ever designated an agent to receive service of process, it appears that Rex Sorensen took on these responsibilities for both corporations. Decl. Berman ¶¶ 9–13. However, Mr. Sorensen has been deceased since March 10, 2019. *Id.* Ex. 8. The Defendants have not replaced Mr. Sorensen as their dedicated agent for service for process either by filing the name and address of a managing agent with the DRT or by amending corporate documents.

On February 23, 2024, counsel for Plaintiff sent a Notice of Claim for $93,979.77 plus interest to Defendants at the address on Pale San Vitores Road in Tumon. Berman Decl. Ex. 3. The Plaintiff's process server, Julio Otero, stated that he attempted to hand deliver the Notice of Claim; however, he observed the premises to be unoccupied but he did not see a posted sign announcing a change of location. Decl. Julio Otero ¶ 3. On March 12, 2024, Plaintiff attempted service of the Summons and Complaint at the same location but was unsuccessful. *Id.* ¶ 4. The process server described the premises as "vacant with no one and no business present." *Id.* Again, no sign was posted with an updated business location. *Id.*

The Complaint in this matter was filed March 11, 2024. On March 14, 2024, Plaintiff's process server Julio Otero filed a Declaration of Service, which stated that on March 12, 2024, the Complaint and Summons were served upon Katherine Aguon, the Office Administrator for Steffen Niu, President of Guam Capital Investment Corporation ("GCIC"), as an agent of both Defendants. That declaration also stated that service was accomplished by personal delivery to Cirese Kaneshiro, a customer service representative at the General Licensing and Registration Branch at the DRT on March 13, 2024. The DRT sent copies of the Complaint and Summons to the address on file for the Defendants the same day. Decl. Julio Otero Ex. 13 (May 21, 2025). The Entry of Default was filed on April 15, 2024. Default Judgment was entered the following week, on April 23, 2024, by the Superior Court Clerk based on an affidavit signed by the Plaintiff's counsel. An Abstract of Judgment was filed the same day.

The first Writ of Execution was signed and filed May 20, 2024. The second Writ of Execution was filed September 24, 2024. Plaintiff filed a Notice of Levy on Personal Property on October 14, 2024. Court Marshals were able to serve Mei Hua Sorensen a Notice of Levy on January 10, 2025. The Motion to Set Aside the Entry of Default and Default Judgment was filed by Defendant on April 23, 2025.

**DISCUSSION**

The Guam Rules of Civil Procedure allow a court to set aside an entry of default "for good cause." Guam R. Civ. P. ("GRCP") Rule 55(c). A final default judgment may be set aside in accordance with Rule 60(b), which provides several reasons a party may seek relief from judgment. *Id.*; GRCP 60(b). Relevant to this case are subsections 60(b)(4), which mandates a court to set aside a judgment if it determines that judgment is void, and 60(b)(6), a permissive section that allows a party to raise "any other reason [not within Rule 60(b)] justifying relief from the operation of the judgment." GRCP 60(b)(6). These two subsections of Rule 60(b) form the basis of Defendants' Motion to Set Aside.

For the following reasons, the Court denies the Rule 60(b)(4) Motion and denies, as to liability, the Rule 60(b)(6) Motion; however, the Court grants the Defendants' Rule 60(b)(6)

Motion as to damages. The Parties will return for an evidentiary hearing to determine the amount of damages owed by the Defendants.

## I. The Judgment is Not Void

A court must set aside an entry of default, including a final default judgment, if the judgment is void. GRCP 55(c); GRCP 60(b)(4). "A default judgment entered without proper service is void since the trial court lacks personal jurisdiction if service is defective." *Mariano v. Surla*, 2010 Guam 2 ¶ 13 (citing *Pineda v. Pineda*, 2005 Guam 10 ¶ 10).

A corporation in Guam may be served in accordance with Rule 4(h) or section 28501 of the Guam Business Corporation Act ("GBCA"). The most relevant subsection of Rule 4(h) allows for service on a corporation by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing a copy of each to the defendant. GRCP 4(h)(1)(B).

Section 28501 of the GBCA allows Guam corporations to register an agent for service of process with DRT. 18 G.C.A. § 28501. Any change to a corporation's registered agent must be filed with DRT. *Id.* Section 28501 allows a plaintiff to serve a Guam corporation by delivering to the [DRT] . . . duplicate copies of . . . process, together with any fee required by law" if the defendant corporation does not have an agent for process on file with DRT; if an agent is registered but cannot, with the exercise of due diligence, be served; or if service cannot be had on the corporation in any other manner provided by law. *Id.* A corporation served through the DRT must appear and answer in the action within 30 days of service on the DRT. *Id.*

The Defendants contend that service on DRT was improper in this case because the Plaintiff did not first attempt to serve an officer of either defendant corporation. Mot. Set Aside Entry of Default and Default Judgment and Stay Execution of Judgment ("Mot. Set Aside") at 5. In the Defendants' view, the Plaintiff failed to exercise due diligence, which rendered service ineffective and divests the Court of jurisdiction. Mot. Set Aside at 5. The Plaintiff argues that the

Defendants' failure to update their registered agents for service of process after the death of Rex Sorensen made substitute service through the DRT appropriate. Mot. Hr'g, July 30, 2025, at 9:17:09–9:19:00 A.M.

In other jurisdictions that have adopted the Model Business Corporation Act, courts have found this kind of alternative service appropriate when a defendant corporation fails to update its registered agent with the appropriate government agency. *See, e.g., Advanced Wall Sys. v. Highlande Builders, LLC*, 605 S.E.2d 728, 731 (N.C. Ct. App. 2004) ("Since the defendant's registered agent left the State and defendant failed to appoint a new agent, alternative service on the Secretary of State was proper."). Failed attempts to serve a corporation at its registered address have constituted due diligence. *See, e.g., Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 920 F. Supp. 2d 659, 663 (E.D. Va. 2013) (finding that service through Virginia's State Corporation Commission was appropriate after the plaintiff tried unsuccessfully to serve the defendant corporation's registered agent several times).

While it is true that determining the identity of a corporation's registered agent for service of process is likely the simplest means of serving the business, it is not the only means of doing so; specifically, a plaintiff may serve corporate officers. GRCP 4(h)(1)(B); *accord* 18 G.C.A. § 28501. In order for service on DRT to be proper, due diligence seems to require that Plaintiff must have had some difficulty serving, not only Defendants' registered agents, but their officers as well.

As discussed above, the Plaintiff's process server attempted to deliver documents to the address Defendants had on file with DRT at least twice, on February 23, 2024 and March 12, 2024. Decl. Otero ¶¶ 3–4. The same address appeared on the Plaintiff's business records. Decl. Berman Ex. 4. The premises was vacant, however, and no information was posted regarding a change of address. Decl. Otero ¶ 4. Had the Plaintiff then tried to serve either of the Defendants' officers, Mei Hua Sorensen or Mahina Floe Leonard Anderson, it would have been led to the same address on Pale San Vitores Road in Tumon. Decl. Berman. Exs. 1–2. Defendants contend that service on Katherine Aguon as an agent of Steffen Niu was not proper because Steffen Niu was

not an agent of either Defendant corporation. The Plaintiff's attempt to find someone affiliated with the Defendants to accept service of process, however, demonstrates that it exercised due diligence in attempting personal service before serving the DRT. Despite the Plaintiff's efforts, service was not accomplished through an agent and service through DRT was appropriate.

Guam law provides several ways to personally serve a corporation and substitute service through the DRT was reasonable in this case. Both Defendants listed the same officers on their most recent Annual Corporation Reports. Decl. Berman Exs. 1–2. The address for these officers was the same as the Defendants' registered address, which also matched the Defendants' billing address on the Plaintiff's business records. *Id.*; *cf.* Ex. 4. In short, the only address available to the Plaintiff was one it knew to be vacant. Defendants' inability to provide DRT with accurate, up-to-date information does not render Plaintiff's service ineffective. Using the information available, the Plaintiff exercised due diligence in attempting to serve Defendants personally before doing so through DRT. Accordingly, service was proper and the Court has jurisdiction. The Defendants' Rule 60(b)(4) Motion is therefore denied.

## II.    The Motion to Set Aside is Denied as to Liability

Having determined that the judgment is not void, the Court now considers Defendants' motion to set aside the judgment under Rule 60(b)(6). A court will deny a motion to set aside a default judgment if it is shown that: 1) the defendant's culpable conduct led to the default; 2) the defendant has no meritorious defense; or 3) the plaintiff would be prejudiced if the judgment is set aside. *Midsea Indus., Inc. v. HK Eng'g, Ltd.*, 1998 Guam 14 ¶ 5. A finding of only one of these elements is sufficient to deny a motion to set aside default judgment. *Id.*

As to the first factor, the Court looks to conduct of the Defendants that contributed to the entry of default and default judgment being entered against them. The Court finds the Defendants' actions, or lack thereof, played a roll in the entry of default because they failed to update their business addresses, officers' addresses, and registered agents for service with DRT. Had they done so, it is likely that the Plaintiff would have been able to locate them and serve them in person

rather than through DRT. Instead, the Plaintiff was forced to rely on corporate documents that were two years out-of-date and provided the address of a vacant business.

The Court also looks to the length of time Defendants took to file the instant motion. Default Judgment was entered a year before Defendants filed their Motion to Set Aside. Furthermore, the Defendants took no action after at least one levy against their bank account. Additionally, Superior Court Marshals served Mei Hua Sorensen, President of both Defendant corporations, a Notice of Levy three months before the Motion to Set Aside was filed. It appears to the Court that the Defendants failed to closely monitor their legal and business affairs. The Court acknowledges that the loss of Mr. Sorenson was difficult for both the business and the family. While difficult, even a catastrophic event such as the loss of Mr. Sorenson, does not obviate a business' obligations to monitor its legal and financial state of affairs. Based on the record and history of the case, the first factor weighs strongly in favor of the Plaintiff.

As to the second factor, the Court considers "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Midsea Indus., Inc.*, 1998 Guam 14 ¶ 10 (quoting *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). This factor also weighs in favor of the Plaintiff. If a bench trial was afforded to the Parties, the outcome in all likelihood would have been the same. Defendants do not appear to have any meritorious defenses to the breach of contract claims in the Complaint. The Defendants did indicate that they may be owed some amount of credit in Plaintiff's calculations of their account, but that merely contests the issue of damages, not liability. Even if the issue of liability had been decided on the merits, and not by default, there appears to be no indication that the result would have been something other than a judgment in favor of the Plaintiff.

As to the third factor, the Court considers whether the Plaintiff would be prejudiced if the entry of default is set aside. The Plaintiff did not allege any prejudice in its briefing or at the hearing. Furthermore, the Court was not made aware of whether Plaintiff received significant payments on the debt while this case has been pending and harm from further delay has not been alleged. Accordingly, this factor appears to weigh in favor of the Defendants.

In sum, the Court finds that the Entry of Default should not be set aside based on the Defendants' roll in the difficulty of service and a lack of meritorious defenses.

### III.     The Court will Revisit Damages

After addressing whether the Judgment will remain, the Court must also consider whether damages were a sum certain or based on sufficient evidence. Defendant argues that the Court relied on an insufficient factual basis to award damages via default. Plaintiff argued that the damages were liquidated and therefore, properly awarded in default. Defendant also contends that the Complaint was not verified and that the Court should have relied on witness testimony or other evidence aside from Plaintiff's attorney's assertions and filings.

When a defendant fails to answer and a default judgment is entered, "only the factual allegations of the complaint as to liability are deemed admitted and not the allegations relating to damages." *Mariano v. Surla*, 2010 Guam 2 ¶ 39 (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). A plaintiff is still required to prove all damages sought in the complaint. *Id.*

The Plaintiff's request to the clerk for final default judgment was accompanied by an affidavit that included the amount of damages owed by the defendant and an exhibit that included a business ledger and invoices with that amount. Rule 55(b)(1) allows for default judgment to be entered by the clerk if the amount is for a sum certain and made at the plaintiff's request with an affidavit of the amount due. The Defendants contend, however, that the calculation is incorrect because they may be owed a credit in the calculation of the amount. Furthermore, the affidavit was signed by the Plaintiff's counsel, not a witness with personal knowledge.

It is the responsibility of the court "to ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008). It is the Plaintiff's duty to establish that the amount of damages. As a result, the Court will hold a hearing to allow the Parties an opportunity to be heard on the issue of damages. The Parties are free to settle or resolve the final matter of damages outside of Court if that is available.

## CONCLUSION

The Court DENIES Defendant's Motion to Set Aside the Entry of Default. However, the Court GRANTS the request to void any prior determination of damages. The Parties will return to address damages on November 19, 2025 at 10:00a.m..

So ORDERED this 29th day of October, 2025.

_____
HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

D. Berman

D. Williams

Date: 10/29/25 Time: 3:05p

Roman Quinata
Deputy Clerk, Superior Court of Guam

*PTI PACIFICA dba IT&E v. SORENSEN MEDIA GROUP, INC. and SORENSEN TELEVISION SYSTEMS, INC.*
Decision and Order
Civil Case No. CV0121-24